

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
JUN 13 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CATHEDRAL SQUARE PARTNERS LIMITED PARTNERSHIP; WEST PARK LTD.; 46th STREET PARTNERS LIMITED PARTNERSHIP; and RIVERVIEW PARK, LTD., | * * * * * * * | CIV 07-4001 |
| Plaintiffs, | * * | |
| vs. | * * * | MEMORANDUM OPINION AND ORDER RE: MOTION FOR FINAL JUDGMENT |
| SOUTH DAKOTA HOUSING DEVELOPMENT AUTHORITY, | * * * | |
| Defendant and Third-Party Plaintiff, | * * * | |
| vs. | * * | |
| SHAUN DONOVAN, Secretary, United States Department of Housing and Urban Development, | * * * * | |
| Third-Party Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Riverview Park, Ltd. (Riverview) and Defendant South Dakota Housing Development Authority (SDHDA) jointly moved for entry of a final judgment and order adjudicating their rights and obligations under the Housing Assistance Payments contract between Riverview and SDHDA for the period from October 1, 2012 through May 31, 2021. Doc. 142. Plaintiffs Cathedral Square, Western Heights and West Park have now settled their claims against SDHDA. Although Plaintiff Riverview advises that it has settled its claim for past monetary damages against SDHDA through September 30, 2012, Riverview claims ongoing damages since that date because it contends the current rents at Riverview's project have not been increased to reflect the past rent increases to which Riverview was entitled under this Court's January 5, 2011 Opinion. Therefore, Riverview claims it continues to incur damages consisting of the difference between (i) the monthly housing

assistance payments actually received by Riverview since September 2012 and (ii) the monthly housing assistance payments Riverview should be receiving in accordance with this Court's 2011 Opinion. Riverview further contends it is entitled to an automatic annual rent adjustment on each future anniversary date (June 1) of the Riverview Housing Assistance Payments Contract until it expires without having to submit a rent comparability study to SDHDA. Riverview also maintains it is entitled to have these future rent adjustments calculated as though the withheld past annual rent increases had been granted. Riverview and SDHDA, therefore, seek a declaratory judgment declaring their rights and obligations under the Riverview Housing Assistance Payments Contract with respect to future annual rent adjustments.

United States Department of Housing and Urban Development (HUD), filed a limited objection to Plaintiff Riverview and Defendant/Third-Party Plaintiff South Dakota Housing Development Authority's Joint Motion for Final Judgment and Order. Doc. 146. HUD contends that a declaratory judgment declaring rights and obligations under the Riverview Housing Assistance Payments Contract with respect to future annual rent adjustments is improper in that it would constitute improper advisory opinions based on speculative, hypothetical future scenarios. HUD maintains that the Court should not declare Riverview's entitlement to the future rents, but should only declare the current Contract Rents to which the 2011 Decision entitles Riverview as of the date of judgment.

This Court has previously expressed its view that the need for prospective relief would be satisfied by the res judicata effect of a judgment in the breach of contract claims. *See Cathedral Square Partners Ltd. P'ship v. South Dakota Hous. Dev. Auth.*, 875 F.Supp.2d 952, 966 (D.S.D. 2012); *Cathedral Square Partners Ltd. P'ship v. South Dakota Hous. Dev. Auth.*, 679 F.Supp.2d 1034, 1044 (D.S.D. 2009). Riverview and SDHDA challenge the validity of that view because this Court in the 2009 opinion relied upon *Consol. Edison Co. v. U.S. Dept. of Energy*, 247 F.3d 1378, 1384–85 (Fed.Cir. 2001), in stating that the need for prospective relief would be satisfied by the res judicata effect of a judgment in the breach of contract claims, and that *Consol. Edison Co.* is distinguishable from the case at hand since the government in the *Consol. Edison Co.* case assured that it would not make future assessments after a loss in the Court of Federal Claims. The res judicata effect of a judgment in the breach of contract claims, however, is not determined by the losing party's stated intentions of how it will act in the future.

The Federal Declaratory Judgment Act is discretionary, not mandatory, and an important

consideration in whether a district court exercises its discretion is the existence of another, more appropriate remedy. *Gulf Underwriters Ins. Co. v. Burris*, 674 F.3d 999, 1004 (8th Cir. 2012). It is recognized that where government action is involved, district courts should not use their discretion to issue a declaratory judgment unless the need for such relief is clear, and neither remote nor speculative. *Barnes, v. Kan. City Office of Fed. Bureau of Investigation*, 185 F.2d 409, 411 (8th Cir. 1951); *Mills v. City of Springfield*, 2010 WL 3526208 at *14 (W.D.Mo. Sept. 3, 2010). The application and interpretation of HUD regulations for a contract, the term of which does not expire until 2021, presents a situation which does not support the exercise of discretion to issue a declaratory judgment. In addition, the need for declaratory relief in this case is not clear because the availability of breach of contract remedies and the res judicata effect of a judgment in the breach of contract claims undermine the need for declaratory relief. For these reasons, this Court is declining to exercise its discretion to issue a declaratory judgment in this action. Accordingly,

IT IS ORDERED:

1. That the Joint Motion for Final Judgment and Order (Doc. 142) is denied to the extent that it requests declaratory relief concerning future annual rent adjustments;

2. That within 5 days of the date of this Order, Plaintiff Riverview Park, Ltd. and Defendant South Dakota Housing Development Authority shall advise the Court in writing which, if any, issues remain from Riverview's Complaint for this Court to decide at the scheduled June 25, 2013 trial; and

3. That the parties who have settled their claims shall submit to the Court an appropriate proposed Order of Dismissal.

Dated this 13th day of June, 2013.

BY THE COURT:

_Lawrence L. Piersol_
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
            DEPUTY